IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT JOHN OLIVER,

    Petitioner,                      No. CIV S-08-2282 FCD EFB P

    vs.

JOHN HAVILAND,

    Respondent.                   FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He is serving a 26 years-to-life sentence and seeks "release from prison based on good behavior and rehabilitation."  Pet. at 4 (page labeled "(5)"). Respondent moves to dismiss on the grounds that the petition fails to state a federal claim for relief and, alternatively, that petitioner has not exhausted his remedies in the state courts.[1]  For the reasons explained below, the motion must be granted.

---

[1] Petitioner points out that respondent's motion is untimely under the Court's order of April 14, 2009, which ordered Respondent to file an answer or other motion in response to the petition within 60 days of that date.  The motion was therefore due on or before June 15, 2009 (April 14 + 60 days = June 13, a Saturday), but respondent did not file it until June 16, 2009.  As the motion was late by only one day and petitioner has not alleged that he was prejudiced by the late filing, the court will consider the motion in the interest of justice.  The court admonishes respondent to comply with court-ordered deadlines in future filings, however.

## I. Background

Petitioner filed a petition for writ of habeas corpus with the Superior Court of San Bernardino County on January 8, 2008. Resp.'s Mot. to Dism., Ex. A. In that petition, petitioner stated his grounds for relief as: "With 'good time' behavior in prison, I was supposed to be released on 12-23-1999. To date, I have served over 20 years disciplinary free." *Id.*, Ex. A at 3. In the "supporting facts" section of the form petition, petitioner stated:

> On May 22, 2007 at CSP Solano, the board of Parole Hearings . . . denied me parole for four years. After four years I'll be 12 years over my legally eligible parole date, which is applicable in my case with good time served. I have been disciplinary free for over 20 years. I have also close to 20 diplomas for attending self-help groups, including two college diplomas.

*Id.* Petitioner attached no supporting documentation, however, and the Superior Court denied the petition for that reason on January 18, 2008. *Id.*, Ex. B ("Petitioner provides no record to support his contention. The provision of an adequate record is petitioner's responsibility.")

Petitioner then filed a petition with the California Court of Appeal, on February 6, 2008. *Id.*, Ex. C. He raised the same claim, adding that he was including with the petition documentation showing his discipline-free status. *Id.*, Ex. C at 3. The attached document, a "Counselor's Casebook," Department of Corrections form CDC 128G, states, "Disciplinary History: Clear since 1984." *Id.*, Ex. C, attached document. The Court of Appeal summarily denied the petition on February 14, 2008.

On March 11, 2008, petitioner filed a petition with the California Supreme Court. *Id.*, Ex. E. He described his grounds for relief as: "I was sentenced to a term of 26 years to life with applicable good time. With good time, my calculated (by the Department of Corrections and Rehabilitation) release date is 12-23-1999." *Id.*, Ex. E at 3. Under "supporting facts," petitioner wrote, "[p]lease see attached petition," but attached no petition. *Id.* In addition to the Counselor's Casebook document included with his Court of Appeal petition, petitioner now included copies of numerous certificates of completion and other laudatory certificates, as well as the orders from the Superior Court and Court of Appeal denying his earlier petitions. *Id.*, Ex.

2

1  E, attached documents.  A computer printout from appellatecases.courtinfo.ca.gov reveals that
2  the Supreme Court denied the petition on August 20, 3008, but respondent has not provided the
3  Court with a copy of the actual order of denial.  *Id.*, Ex. F.  Petitioner does not dispute that the
4  Supreme Court denied his petition summarily on that date.

5  Petitioner then filed the instant federal petition.  His sole ground for relief is: "PC 190,
6  release from prison based on good behavior and rehabilitation."  Pet. at 4 (page marked "(5)").
7  In support of that ground, petitioner alleges the following facts:  "I have been disciplinary free
8  since 1984, I have two college diplomas; and fifteen self-help diplomas.  I have three vocations
9  and seventeen yrs. of work with the Prison Industry Authority."  *Id.*  Petitioner has attached to
10 his petition the same Counselor's Casebook form and certificates as he provided to the California
11 Supreme Court.  *Id.*, attached documents.

12 **II.     Failure to State a Federal Claim**

13 Respondent moves, pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules Governing
14 § 2254 Cases ("Rule 4"), for dismissal on the ground that petitioner has not stated a federal claim
15 for relief.  According to respondent, petitioner fails to identify any specific action being
16 contested or state any facts supporting his claim:

> It is unclear from the Petition how his rights were violated, what his grounds for relief are, and what the factual basis of his allegations stem from.  Without this information, Respondent is unable to defend the merits of the claim and determine whether affirmative defenses apply, such as the statute of limitations and state-court exhaustion.

20 Resp.'s Mot. to Dism. at 3.  Petitioner responds to clarify that he does not challenge the May 22,
21 2007 decision of the Board of Parole Hearings denying him parole.  Pet'r's Opp'n at 2-3, 4.
22 Rather, petitioner states that his claim is that his good behavior entitles him to release from
23 prison and has since December 23, 1999.  *Id.*  He argues that the documents he attached to his
24 petition are the facts supporting his claim.  *Id.* at 3-4.

25 This Court has authority under Rule 4 to dismiss a petition if it "plainly appears from the
26 face of the petition and any attached exhibits that the petitioner is not entitled to relief in the

3

district court . . . ." As a corollary to that rule, the Court may also consider a respondent's motion to dismiss, filed in lieu of an answer, on the same grounds. *See, e.g., O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss for failure to exhaust state remedies); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as the procedural vehicle to review a motion to dismiss for state procedural default).

Habeas corpus petitions must meet "heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Rule 2(c) of the Rules Governing § 2254 Cases ("Rule 2(c)")). Under Rule 2(c), a petitioner must "specify all the grounds for relief which are available" and state "the facts supporting each of the grounds of relief thus specified."

The Court agrees with respondent that the allegations in the petition are too vague to state a claim to federal habeas relief. A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1993) (quoting *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985)). A federal writ is not available for alleged error in the interpretation or application of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000); *Middleton*, 768 F.2d at 1085. "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable." *Engle v. Isaac*, 456 U.S. 107, 120 n.19 (1982).

Here, petitioner does not identify what federal right he believes state authorities violated by failing to release him on parole. (In fact, petitioner's citation to "PC 190" – California Penal Code § 190 – indicates that he may be claiming that his continued incarceration violates a right created by state, rather than federal, law.) Without knowing what federal right is being asserted, respondent cannot defend against the claim, and the Court cannot evaluate the merits of the claim. Accordingly, the petition must be dismissed for failure to state a federal claim to relief.

////

////

### III. Failure to Exhaust

As the court has determined that the motion to dismiss must be granted due to petitioner's failure to state a federal claim, it need not presently address respondent's alternative argument that petitioner has not properly exhausted his claim in state court.

### IV. Conclusion

In light of the foregoing, the court concludes that respondent's motion to dismiss should be granted, because petitioner has not stated a federal claim to relief.

Accordingly, it is hereby RECOMMENDED that respondent's June 16, 2009 motion to dismiss be granted and this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: December 17, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE